IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01909-WDM-CBS

AMCO INSURANCE COMPANY, as subrogee of Mary Misheff,
    Plaintiff,
v.

SUNBEAM PRODUCTS, INC., a Delaware corporation, and
WAL-MART,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

This civil action comes before the court for Plaintiff's ("AMCO") failure to respond to the court's November 18, 2005 Order to Show Cause (doc. # 16). Pursuant to the October 4, 2005 Order of Reference, this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . ."

On October 19, 2005, the court permitted counsel for Plaintiff ("AMCO") to withdraw as counsel of record. (*See* doc. # 14). Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

D.C. COLO. LCivR 83.3 D. *See also Amoco Production Co. v. Aspen Group*, 25 F. Supp. 2d 1162, 1166 (D. Colo. 1998) ("corporations, partnerships, and unincorporated

associations may appear in federal court only through a licensed attorney) (citations omitted).  The court advised AMCO that "it cannot appear without counsel admitted to practice before this court" and that "[f]ailure to obtain prompt appearance of substitute counsel may result in dismissal of this action."  (*See* doc. # 14).

The court held a status conference on November 16, 2005 at 8:30 a.m.  Counsel for Defendant Sunbeam appeared.  No one appeared on behalf of AMCO.  The Minute Order setting the status conference was mailed to AMCO at the address provided to the court by AMCO.  (*See* Complaint at p. 3).  The court's records indicate that the Minute Order addressed to AMCO was not returned in the mail as undeliverable.

Because counsel had not yet entered an appearance on behalf of AMCO, on November 18, 2005, pursuant to the Local Rules of Practice, the court issued an Order to Show Cause.  *See* D.C. COLO. LCivR 41.1 ("[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order").  The court directed AMCO to show cause in writing on or before December 5, 2005 why the Complaint (doc. # 2) should not be dismissed based on AMCO's failure to be represented by counsel, failure to appear at the November 16, 2005 status conference, failure to prosecute, and failure to comply with the court's orders.  The court advised AMCO that failure to respond to the Order to Show Cause may result in dismissal of AMCO's Complaint.

As of this date, counsel has not entered an appearance on behalf of AMCO and AMCO has not responded to the court's November 18, 2005 Order to Show Cause.  The Order to Show Cause was mailed to AMCO at the address provided to the court.  The

court's records indicate that the Order to Show Cause addressed to AMCO was not returned in the mail as undeliverable.  In sum, AMCO has not responded to the court's November 18, 2005 Order to Show Cause, failed to appear at the November 16, 2005 status conference, has failed to prosecute this civil action, and has failed to comply with the court's orders.  Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to appear through counsel in violation of D.C. COLO. LCivR 83.3 D, failure to appear at the November 16, 2005 status conference,  failure to prosecute, and failure to comply with the court's orders.[1]

DATED this 7th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

---

1. Because the court has recommended dismissal without prejudice, the court need not analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order).  *See also Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738-40 (10th Cir. 2005) (district court abused its discretion by dismissing with prejudice as sanction for failure to comply with district court's discovery order, without making on-record consideration of *Ehrenhaus* factors);  *Cosby v. Meadors*, 351 F.3d 1324, 1333-34 (10th Cir. 2003) (affirming dismissal with prejudice as sanction for party's failure to comply with Federal Rules of Civil Procedure or any order of the court, after review of *Ehrenhaus* factors)*, cert. denied*, 541 U.S. 1045 (2004);  *Rueb v. Morales*, 91 Fed. Appx. 95 (10th Cir. 2004) (2004 WL 206310) (reversing dismissal with prejudice for failure to comply with show cause order where neither magistrate judge nor district judge addressed

*Ehrenhaus* factors).