IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01909-WDM-CBS

AMCO INSURANCE COMPANY,

    Plaintiff,

v.

SUNBEAM PRODUCTS, INC., and
WAL-MART,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued December 7, 2005, that the case be dismissed without prejudice for the Plaintiff's failure to appear through counsel failure to appear at the November 16, 2005 status conference, failure to prosecute, and failure to comply with court orders. Plaintiff has not objected to the recommendation, and, therefore, *de novo* review is not required.

    I have reviewed the record in this case, including the complaint, the motion to dismiss filed by defendant Sunbeam Products, Inc., and the recommendation. Because I find that the applicable statute of limitations will almost certainly bar the Plaintiff from refiling this case, I conclude that dismissal is not proper without analysis of the factors set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Therefore, I will not accept the recommendation that the case be dismissed at

this time.

The Tenth Circuit has emphasized that, when the statute of limitations would ban refiling of a case, even dismissal without prejudice is an extreme sanction requiring that the trial court explain its reasons for imposing the sanction. *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986). *See also Gocolay v. New Mexico Federal Savings & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) ("Dismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts 'is a severe sanction "applicable only in the extreme circumstances" . . . [and] should be used as "a weapon of last, rather than first, resort"'") (quotations omitted; alterations in quoted material). In unpublished opinions, the court has explained that dismissal without prejudice, where the case could not be refiled, must include an analysis of the *Ehrenhaus* factors. *See, e.g., Shipp v. Widnall*, No. 97-2299 (10th Cir. December 16, 1998) (1998 WL 873052 at **3) ("Because the district court effectively dismissed Ms. Shipp's case with prejudice, it had a duty to explain why dismissal was an appropriate sanction"; failure to provide such an explanation required remand for consideration of the *Ehrenhaus* factors). *Cf. Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. 2005) (dismissal without prejudice was appropriate where statute of limitations had not run and plaintiff was free to refile).

In this case, the motion to dismiss filed by defendant Sunbeam Products, Inc., clearly demonstrates that the statute of limitations likely would bar refiling upon dismissal, even if the dismissal were stated to be without prejudice. Indeed, one of the grounds for the motion to dismiss is that the original complaint in this case was not

timely filed.  As a result, I disagree with the recommendation that consideration of the *Ehrenhaus* factors is not necessary here.  Recommendation at 3, n.1.  Further, because Magistrate Judge Shaffer has been conducting the pretrial stages of litigation in this case, I find he is better suited than I to conduct the required analysis.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued December 7, 2005, is not accepted for the reasons stated above.

2. The case is referred back to Magistrate Judge Shaffer to consider whether the *Ehrenhaus* factors justify dismissal of this case under all relevant circumstances and/or to conduct any further proceedings necessary under the October 4, 2005 Order of Reference.

DATED at Denver, Colorado, on January 31, 2006.

                                                  BY THE COURT:

                                                  s/ Walker D. Miller
                                                  United States District Judge